Arrest on Out-of-District Offense

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### ARREST ON OUT-OF-DISTRICT OFFENSE

FILED
MAR 1 8 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Magistrate Case Number: **'08 MJ 8246**

The person charged as SHAW, Eric Brandon _____ now appears before this United States District Court for an initial appearance as a result of the following charges having been filed in the United States District Court for the Western District of North Carolina(Charlotte) in violation of Pretrial Release Violation with Title 18, United States Code, Section 3148.

The charging documents and the warrant of the arrest of the defendant which was issued by the above United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: 03/18/2008

_____
(signature)
JERYL A. ISAAC
(Printed Name)
Deputy United States Marshal

Reviewed and Approved:

Dated: 3-18-08

_____
Assistant United States Attorney

PS 10
(1/82)

United States District Court
for the
Western District of North Carolina

U.S.A vs Eric Brandon SHAW



Docket No. 3:05CR400-02-V

RECEIVED
MAR 17 2008
United States Marshals Service
Western North Carolina

TO: Any United States Marshal or any other authorized officer.

## WARRANT FOR ARREST OF PRETRIAL RELEASEE

You are hereby commanded to arrest the within-named defendant and bring him or her, forthwith before the United States District Court to answer charges that he or she violated the conditions of his or her supervision imposed by the court.

| NAME OF SUBJECT | SEX | RACE | AGE |
|---|---|---|---|
| Eric Brandon SHAW | Male | White | 28 |

ADDRESS (STREET, CITY, STATE)
221 Sunset Drive, Imperial, CA 92251

JUDICIAL AUTHORITY (NAME OF COURT)

| CLERK Frank G. Johns | (BY) DEPUTY CLERK  *[signature]* Pedra Reid | DATE 3/13/08 |
|---|---|---|

RETURN

| Warrant received and executed | DATE RECEIVED | DATE EXECUTED |
|---|---|---|
| | | |

EXECUTING AGENCY (NAME AND ADDRESS)

| NAME | (BY) | DATE |
|---|---|---|
| | | |

'Insert designation of officer to whom the warrant is issued, e.g., "any United States Marshal or any other authorized officer;" or "United States Marshal for the Western District of North Carolina;" or "any United States Marshal; or "Any Special Agent of the Federal Bureau of Investigation;" or "any United States Marshal or any Special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit."

## VIOLATION REPORT

### U.S. PRETRIAL SERVICES OFFICE

### MEMORANDUM

DATE: March 11, 2008

TO: The Honorable Frank D. Whitney
U.S. District Court Judge

FROM: Cheryl R. Banks
Senior U.S. Probation Officer
Eric Brandon SHAW

RE: 3:05CR-00400-FDW-2
Notification of Bond Violation
**WARRANT REQUESTED**

**RELEASE STATUS:**

Eric Brandon Shaw appeared before U.S. Magistrate Judge Carl Horn, III on June 16, 2006 in the Western District of North Carolina. He was ordered detained pending a Detention Hearing. A Bond Review Hearing was held on July 13, 2006 and the defendant was ordered released under a $150,000 unsecured bond with Pretrial Services Supervision to included home detention with electronic monitoring.

**Courtesy Pretrial Services Supervision has been provided by the Southern District of California (El Centro Office)**

Eric Brandon Shaw entered a plea before U.S. Magistrate Judge David C. Keesler on August 27, 2007. Sentencing remains pending.

**APPARENT VIOLATION:**

1. The defendant has violated Condition No. 7M of his Conditions of Release which states that, "The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 12(c) 802 unless prescribed by a licensed medical practitioner."

The defendant provided a urine sample on 01/29/08 which tested positive for marijuana. On 02/05/08, the defendant submitted a dilute urine sample which confirmed positive for marijuana. On 02/12/08, the defendant submitted a urine sample which confirmed positive for marijuana. On 02/19/08, the defendant submitted a urine sample which tested positive for marijuana. On 02/25/08, the defendant submitted a dilute urine sample which tested positive for marijuana (confirmation is pending). On 03/03/08, the defendant submitted a urine sample, (confirmation is pending).

2.
The defendant admits to smoking marijuana on 01/31/08, 02/05/08, and 02/13/08.
The defendant has violated Condition No.7N of his Conditions of Release which states that, "The defendant shall submit to any method of testing required by the office of Probation and Pretrial Services for determining whether the defendant is using a prohibited substance. Such methods may be used at a random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system and - any form of prohibited substance screening or testing."

On 01/24/08, the defendant failed to report for drug testing. On 02/04/08, the defendant failed to report for drug testing. On 02/11/08, the defendant failed to report for drug testing.

SUMMARY OF DEFENDANT'S ADJUSTMENT TO SUPERVISION:

Eric Brandon Shaw was ordered released on Home Detention with electronic monitoring U.S. Magistrate Judge Carl Horn, III on July 13, 2006. The defendant was also ordered to report on a weekly basis to the Pretrial Office in the Southern District of California (El Centro Office). While on courtesy supervision, the defendant submitted his first urine sample on July 24, 2006 and the results were returned positive for marijuana and stated his positive UA was from use prior to his . The results were also confirmed by lab analysis. However, the defendant denied use of smoking marijuana. USPO Steve Levinson informed AUSA Peter Loewenberg regarding the positive drug test on August 16, 2006. The defendant was reprimanded for his positive urine sample by USPO Steve Levinson and was informed at that time that if he submitted another positive urine sample after thirty (30) days that he would request court action against him. The defendant made the statement to USPO Levinson that he had this happen to him several years ago where marijuana stayed in his system for over two months. USPO Levinson informed the defendant that he did not believe his explanation and was going to report the positive urine drug test to court. USPO Levinson instructed the defendant to secure employment as soon as possible and to enter drug treatment if needed. Therefore, the defendant agreed.

In September 2006, PSO Carlos Gutierrez informed USPO Levinson that the defendant had been complying with his conditions of bond and that there were no problem or issues. He informed that the defendant had made all scheduled urinalysis and remained drug free. The defendant was currently attending classes at Imperial Valley College and was also working full time. The defendant continued to remain in full compliance while under Pretrial Supervision. In March 2007, the defendant was involved in an automobile accident where he suffered several broken bones and was admitted to the hospital for several days. At that time the electronic monitoring GPS unit was moved to the hospital so that the defendant could be electronically monitored while hospitalized. In June 2007, PSO Gutierrez advised that the defendant continued to remain compliant without problems and was unemployed as a result of the injuries from his accident. Mr. Shaw submitted a urine sample which tested positive for opiates based on the defendant's prescription medication for Vicodan.

Mr. Shaw was removed from electronic monitoring on August 24, 2007 after entering his plea and was placed on an 11:00p.m. to 6:00a.m. curfew. The courtesy was then transferred to Senior USPO Cheryl Banks at that time.

In November 2007, PSO Carlos Gutierrez informed this officer that the defendant was still recuperating from his broken leg was still unable to work at that time. The officer further mentioned that the defendant's surgeon "botched up his leg and may possibly have to have additional surgery".

On February 12, 2008, PSO Gutierrez reported that the defendant submitted a urine sample on January 29, 2008 and February 5, 2008 which confirmed positive for marijuana. He states the defendant admitted to smoking marijuana on January 27, 2008. He further states the defendant failed to report for drug testing on February 4, 2008 and reported in the very next day on February 5, 2008 and submitted a dilute urine sample which confirmed positive for marijuana. PSO Gutierrez went on to inform that the defendant appears to be depressed due to his case pending for a lengthy period of time, suffering from a broken leg and being unable to work. PSO Gutierrez recommended increasing the frequency of drug testing to once a week and to wait for the results of the additional lab confirmations.

On February 20, 2008, Officer Gutierrez provided an updated status report on Mr. Shaw indicating that on January 24, 2008 the defendant failed to report for drug testing. On January 29, 2008, the defendant submitted a urine analysis which confirmed positive for marijuana (143ng/ml). On February 4, 2008, the defendant failed for drug testing. On February 5, 2008, the defendant submitted a dilute uranalysis which confirmed positive for marijuana (39ng/ml). On February 11, 2008, the defendant failed to report for drug testing. On February 12, 2008, the defendant submitted a uranalysis which confirmed positive for marijuana (188ng/ml). On February 19, 2008, the defendant submitted a uranalysis which tested positive for marijuana (895ng/ml). On February 25, 2008, the defendant submitted a dilute uranalysis which tested positive for marijuana (confirmation is pending). On March 3, 2008, the defendant submitted a uranalysis which tested positive for marijuana (confirmation is pending). The defendant admitted to smoking marijuana three (3) times after January 27, 2008. He reported smoking marijuana on January 31, 2008, February 5, 2008, and February 13, 2008.

The defendant, according to PSO Gutierrez, continues to stick to his story and claims he has not used marijuana since February 13, 2008. After being confronted regarding his drug use, the defendant called Imperial County Behavioral Health Services - Outpatient Drug Treatment Program and scheduled an appointment for March 6, 2008.

**SUMMARY OF OFFICER INTERVENTION:**

In this officer's opinion, every effort has been made by Officer Carlos Gutierrez as well as Officer Steven Levinson to urge Mr. Shaw to become compliant in regards to his conditions of Pretrial Release as set forth by the court. The defendant continues to disobey the conditions of his release that require him to "refrain from use or unlawful possession of a narcotic drug or other controlled substance as defined in 21 U.S.C. 802 unless prescribed by a licensed medical practitioner".

It is this officer's opinion that it appears the only way the defendant would discontinue his drug use is to be incarcerated.

Eric Brandon SHAW
3:05CR-00400-FDW-2

*J.L.H.*
ms/

**RECOMMENDATION:**

It is therefore recommended that Eric Brandon Shaw be taken into custody and his bond revoked.

It is requested that this motion be sealed until service.

I declare under penalty of perjury that the foregoing is true and correct.

Submitted this 11th day of March, 2008.

s/ Cheryl R. Banks

                                      Cheryl R. Banks Senior U.S.
                                      Probation Officer 200 S. College
                                      Street, Suite 1650 Charlotte, NC
                                      28202-2005 (704) 350-7675

                          CRB bgs

Approved by: s/ Jeffrey L. Helms Jeffrey
L. Helms
Supervising U.S. Probation Officer
    Patrick M. Donley

cc:
    Peter B. Loewenberg
    Scott H. Gsell PSI
    Officer/File

Eric Brandon SHAW
3:05CR*00400*FDW*2

## THE COURT ORDERS

[ ]   No Action

[x]   The Issuance of a Warrant

[ ]   The Issuance of a Summons

[ ]   Other

Date: March 11, 2008

Signed: March 12, 2008

*Frank D. Whitney*
Frank D. Whitney
United States District Judge

SEALED DOCUMENT with access to Court Only, Restrict Entry and Document.